UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION


J.C.A. (XXX-XX-9207)                     CIVIL ACTION NO. 10-cv-1438

VERSUS                                   JUDGE HICKS

U.S. COMMISSIONER, SOCIAL                MAGISTRATE JUDGE HORNSBY
SECURITY ADMINISTRATION


## REPORT AND RECOMMENDATION

**Introduction**

J.C.A. ("Plaintiff") filed an application for disability benefits.  ALJ Romona Scales

issued a decision that denied the claim.  The Appeals Council denied review, and Plaintiff

filed this civil action to seek judicial review.  The Commissioner responded to Plaintiff's

brief with a Motion to Remand (Doc. 18) that conceded error and asked for entry of an order

reversing the Agency decision and remanding for further proceedings.  Plaintiff opposes the

motion.  For the reasons that follow, it is recommended that the Motion to Remand be

granted.

**Analysis**

The ALJ analyzed the claim under the five-step sequential analysis used to assess

disability claims. See Audler v. Astrue, 501 F.3d 446, 447-48 (5th Cir. 2007).  She found that

Plaintiff was not engaged in substantial gainful activity (step one) and that he had the

following severe impairments (step two): degenerative disc disease of the cervical spine and

lumbar spine; torn meniscus; left shoulder pain; and headaches.  She found at step three that the impairments did not meet a listed impairment.

The ALJ next determined that Plaintiff had a residual functional capacity ("RFC") to perform sedentary work, except his ability to lift and carry is limited to less than 10 pounds occasionally; his ability to sit is limited to six hours per workday; his ability to stand and walk is limited to two hours; his ability to reach, handle, finger, feel, and push and pull is limited to frequently, but his ability to reach overhead is limited to occasionally. Additionally, he can occasionally balance, stoop, kneel, crouch, crawl, and climb, except no climbing of ladders, ropes, scaffolds, and he needs the option to alternate sit and stand positions at will.

The ALJ found at step four that Plaintiff could not perform his past relevant work, which required a heavy level of exertion.  She then turned to step five, which asks whether the claimant is capable of performing the demands of other jobs that exist in significant numbers in the economy.  Vocational expert ("VE") Charles Smith testified at the hearing. The ALJ found that the VE's testimony supported a determination that Plaintiff could perform the job of document preparer, which is sedentary in nature.

Plaintiff argued in his initial brief that the ALJ's step-five conclusion is not supported by substantial evidence because the question posed to the VE at the hearing does not describe a claimant with the RFC reflected in the ALJ's written decision.  When a hypothetical question posed to a VE does not incorporate reasonably all of the claimant's limitations recognized by the ALJ, a determination of non-disability based on the defective question may

require reversal.  Bolling v. Shalala, 36 F.3d 431, 436 (5th Cir. 1994).  See also Boyd v. Apfel, 239 F.3d 698, 707 (5th Cir. 2001).

The Commissioner, in his Motion to Remand, conceded that the hypothetical question the ALJ asked the VE did not include all of the limitations the ALJ found.  Reversal and remand, as requested by the Commissioner, is the relief that the court has always granted in cases where a claimant prevailed in a contested issue of this nature.  Plaintiff, however, argues that other evidence of record compels a finding of disability without remand.

Courts that find error in the Agency decision ordinarily reverse and remand rather than render a decision. The rare exception is when all essential factual issues have been resolved and it is definitively clear from the record that a claimant is entitled to benefits. See McQueen v. Apfel, 168 F.3d 152 (5th Cir. 1999); Ferguson v. Schweiker, 641 F.2d 243, 249-50 (5th Cir. 1981); and Bloch on Social Security, § 6:3: Remand for Further Administrative Action.

Plaintiff points to answers to written interrogatories by VE Lenora Maatouk.  Tr. 154-58.  The interrogatories posed four hypothetical claimants.  The VE wrote in response that there were no jobs such a person could perform.  The ALJ rejected the responses, saying they were premised upon hypothetical number one, "which did not accurately reflect the limitations as directed."  The ALJ said the instructions to the VE were to use the limitations set out in a medical source statement completed by consultative examiner Dr. Clint McAlister, an orthopedic physician.  See Tr. 378-83.  Plaintiff argues that this rejection was

improper and that the ALJ should have accepted Maatouk's testimony that there were no available jobs.

Frankly, the undersigned is unable to determine from the current record and briefs the precise factual basis for the rejection of Maatouk's responses or fully understand Plaintiff's argument as to why Maatouk's testimony must be accepted.  Plaintiff has not directed the court to the instructions referenced by the ALJ, and they are not apparent from the ALJ's letter to Maatouk found at Tr. 154 and the interrogatories at Tr. 155-58.   Further complicating matters is that Dr. McAlister did not complete the portion of the medical source form regarding the claimant's ability to lift/carry.

This record is lacking in the clarity that would be required for the fairly unusual remedy of a reversal with an order to pay benefits.  The better course is to grant the relief ordinarily afforded when a claimant prevails on appeal.   Both the claimant and the Commissioner will then have an opportunity on remand to ensure a clear record for whatever decision is made.

Accordingly,

**IT IS RECOMMENDED** that the Commissioner's Motion to Remand (Doc. 18) be granted by reversing the Commissioner's decision to deny benefits and, pursuant to the fourth sentence of 42 U.S.C. § 405(g), remanding this matter for further proceedings before the Commissioner.

## Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b).  A party may respond to another party's objections within seven (7) days after being served with a copy thereof.  Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 14 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED in Shreveport, Louisiana, this 10th day of February, 2012.

MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE